UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LEONARDO SUAREZ-HIDALGO, | : | |
| | : | Civil Action No. 25-6261 (BRM) |
| Petitioner, | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT AND U.S. DEPARTMENT OF HOMELAND SECURITY, | : | |
| Respondents. | : | |

    Before the Court is Petitioner Leonardo Suarez-Hidalgo's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Petitioner has paid the $5.00 filing fee.

    In accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), the Court must carefully consider the Petition to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

    The sole proper respondent in a petition brought under 28 U.S.C. § 2241, however, is the warden of the facility where the detainee is *currently* being held. *See Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004); *Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994). Petitioner is currently confined in Texas and according to the Petition, Petitioner was confined in Texas at the time he

filed the Petition. (ECF No. 1 at 2.) Therefore, the only proper respondent would be the Warden of the Port Isabel Service Center, in Los Fresnos, Texas, where Petitioner is confined.

Because the proper respondent in this matter is the Port Isabel Service Center Warden, who clearly acts in that capacity in Texas, and not within the jurisdictional confines of this Court, this Court does not have jurisdiction over Petitioner's claims.  As the Court explained in *Padilla*, district courts "are limited to granting habeas relief 'within their respective jurisdictions.'  28 U.S.C. § 2241(a)." 542 U.S. at 442. This rule "require[s] 'nothing more than that the court issuing the writ have jurisdiction over the custodian'" of the facility in which the detainee is imprisoned. *Id.* (quoting *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973). A writ of habeas corpus pursuant to § 2241 may therefore only be issued by the district court in which the petitioner is currently confined, in this case the Southern District of Texas, which has jurisdiction over Cameron County. *Id.*; *see also Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994) ("[a] district court's habeas corpus jurisdiction is territorially limited and extends only to persons detained and custodial officials acting within the boundaries of that district"); *Hernandez Jaruffe v. Chertoff*, No. 07-2253, 2007 WL 1521181, at *2 (D.N.J. May 22, 2007) (habeas jurisdiction under § 2241 is limited to the district in which the petitioner was confined at the time he filed his petition even if he is later transferred). Because Petitioner was confined in Texas at the time he filed his petition, and continues to be so confined, this Court does not have jurisdiction over his claims.

Whenever a civil action is filed in a court that lacks jurisdiction over that action, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631; *see also* 28 U.S.C. § 1406(a) (permitting transfer where a civil action is filed in the wrong venue and transfer is in the interests of justice). Because Petitioner is challenging his continued detention in Texas, this Court

2

finds that it would be in the interests of justice to transfer this matter to the appropriate court, in this case the Southern District Court of Texas. *Id.* This matter will therefore be transferred to that court. Accordingly,

**IT IS** on this 11th day of July 2025,

**ORDERED** that the Clerk of the Court shall amend the caption of this matter to name the Warden of the Port Isabel Service Center as the sole Respondent in this matter; and it is further

**ORDERED** that the Clerk of the Court shall **TRANSFER** this action to the United States District Court for the Southern District of Texas; and it is finally

**ORDERED** that the Clerk of the Court shall serve the parties with copies of this Memorandum and Order electronically.

                                                 */s/ Brian R. Martinotti*
                                                 **HON. BRIAN R. MARTINOTTI**
                                                 **UNITED STATES DISTRICT JUDGE**